Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Nicolas J. Echevestre, SBN 273747
nechevestre@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:   (619) 330-4907

Stephen J. Greene, Jr., SBN 178098
sjg@greeneroberts.com
GREENE & ROBERTS
455 Capitol Mall, Suite 405
Sacramento, CA  95814-4429
Telephone:  (916) 753-1300
Facsimile:   (916) 753-1333

Attorneys for Defendant County of Shasta

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA LAND STEWARDSHIP COUNCIL LLC,<br><br>    Petitioner and Plaintiff,<br><br>v.<br><br>COUNTY OF SHASTA and its BOARD OF SUPERVISORS,<br><br>    Respondents and Defendants. | Case No.<br><br>Action Date:  February 13, 2024<br><br>**NOTICE OF REMOVAL BY DEFENDANT COUNTY OF SHASTA**<br><br>**[Pursuant to 28 U.S.C. §§ 1331, 1441(a); 25 U.S.C. § 2701, *et seq.*]**<br><br>**SUPPORTING DOCUMENTS:**<br>CIVIL COVER SHEET; DECLARATION OF MARIA C. ROBERTS |

NOTICE OF REMOVAL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, County of Shasta (erroneously sued herein as "County of Shasta and its Board of Supervisors"), hereby files this Notice of Removal from the Superior Court of the State of California in and for the County of Shasta, Case No. 24CV-0204273 (the "State Action") to the United States District Court for the Eastern District of California.

Removal is based upon federal question jurisdiction, pursuant to 28 U.S.C. sections 1331 and 1441(a), under the Indian Gaming Regulatory Act, 25 U.S.C. §2701, *et seq*. ("IGRA").

## I. The State Court Action

1. On or about February 13, 2024, Petitioner/Plaintiff the California Land Stewardship Council LLC ("CLSC") filed a verified petition for writ of mandate and complaint in the Superior Court of the State of California for the County of Shasta, captioned: *California Land Stewardship Council LLC v. County of Shasta and its Board of Supervisors*, case number 204273 (the "State Action").

2. On or about February 27, 2024, CLSC filed a first amended verified petition for writ of mandate and complaint (the "Amended Petition").

3. The Amended Petition asserts two causes of action and asks the court to, among other things, "set aside and/or rescind" the Intergovernmental Agreement and permanently enjoin the County of Shasta from taking any acts "in furtherance of the Agreement." (Exh. 1, Amended Petition.) The Intergovernmental Agreement was entered into by the County of Shasta and Redding Rancheria, a federally recognized Indian tribe, and concerns the provision of emergency and law enforcement services to the Tribe's casino.

## II. Removal is Timely

4. On February 29, 2024, CLSC caused Defendant to be served with the summons and a copy of the Amended Petition and. (Exh. 1, Proof of Service.)
/ / /

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b).

6. Defendant is filing the instant notice of removal on March 29, 2024, which is within 30 days of service on February 29, 2024.

### III. Federal Question Jurisdiction Exists under 28 U.S.C. § 1441

7. Pursuant to 28 U.S.C. §§ 1331 and 1441, this Court has original jurisdiction over the Amended Petition because the claims asserted therein arise under the laws of the United States. Specifically, the Amended Petition asserts claims that seek to interfere with a contract that provides certain services and protections that are connected to gaming activities of a federally recognized Indian tribe on Indian land and, as a result, the claims are completely preempted by the Indian Gaming Regulatory Act, 25 U.S.C. §2701 et seq. ("IGRA"). *See, e.g., Osceola Blackwood Ivory Gaming Grp., LLC v. Picayune Rancheria of Chukchansi Indians*, 272 F. Supp. 3d 1205, 1212 (E.D. Cal. 2017) ("complete preemption" applies to state law claims that "interfere with processes mandated and regulated by the IGRA").

8. Accordingly, removal of CLSC's Amended Petition to federal court is proper. *See, Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (complete preemption doctrine converts an ordinary state common law claim complaint into one stating a federal claim); *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 547 (8th Cir. 1996) ("IGRA has the requisite extraordinary preemptive force necessary to satisfy the complete preemption exception to the well-pleaded complaint rule").

/ / /

/ / /

/ / /

/ / /

### A. The Redding Rancheria Indian tribe

9. Redding Rancheria (the "Tribe") is a sovereign nation and a federally recognized Indian tribe. (*See*, Exh. 2 [Federal Register list of recognized Indian tribes].)

10. As required by IGRA, effective May 16, 2000, Redding Rancheria and the State of California entered into a Tribal-State Gaming Compact for the operation of a tribal gaming casino offering Class III gaming activities (the "Compact"). (Exh. 3.) Through the execution of subsequent amendments, the Compact remains in full force and effect until December 31, 2024. (Exh. 4.)

11. The Compact requires the Tribe to, among other things, pay money to the County of Shasta to mitigate the impacts from the operation of a casino on the County of Shasta and its law enforcement and emergency services. (Exh. 3, §11.1.)

12. In accordance with Section 11.1 of the Compact, effective August 15, 2023, the Tribe entered into the Intergovernmental Agreement with the County of Shasta. (Exh. 5.)

13. Under the Agreement, the Tribe agreed to pay the County of Shasta to mitigate the impact of its casino on the County of Shasta's law enforcement, fire, and emergency services. (Exh. 5, §§2–3.) The payments and provision of emergency services are directly tied to the Tribe's operation of gaming activities at the casino. (*See, e.g.*, Exh. 5 at §4 (Tribe's obligation to make payments triggered by "the commencement of Gaming Activities" at casino); *id*. at §5(B) (Agreement ends "the date the Tribe permanently ceases the operation of Gaming Activities" at casino).

14. The Amended Petition seeks to "set aside and/or rescind" the Agreement and asks the court to permanently enjoin the County of Shasta from taking any acts "in furtherance of the Agreement." (Exh. 1, Amended Petition.)

///

///

### B. IGRA Completely Preempts CLSC's Claims

15. The complete preemption doctrine "provides a basis for federal question jurisdiction when a federal statute has 'such extraordinary preemptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Perez v. Sierra Mountain Express Inc.*, 2021 WL 100591, at *2 (E.D. Cal. Jan. 12, 2021) (quoting *Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014)). "When complete preemption applies, a defendant may remove the preempted state law claims to federal court." *Id*.

16. "IGRA has the requisite extraordinary preemptive force necessary to satisfy the complete preemption exception to the well-pleaded complaint rule." *Gaming Corp.*, 88 F.3d at 547. Indeed, the legislative history of IGRA expressly states that it is "***intended to expressly preempt the field in the governance of gaming activities on Indian lands***." S.Rep. No. 446, 100th Cong., 2d Sess. 6 (1988) (emphasis added); *see also United Keetoowah Band of Cherokee Indians v. State of Okl. Ex. rel. Moss*, 972 F.2d 1170, 1179 (10th Cir. 1991) ("The legislative history also supports the view that IGRA was intended to preempt state assertions of prosecutorial authority…."); *Gaming Corp.*, 88 F.3d at 544 ("Examination of the text and structure if IGRA, its legislative history, and its jurisdictional framework likewise indicates that ***Congress intended it completely preempt state law***.") (emphasis added).

17. Thus, in matters concerning the tribal operation and governance of gaming, IGRA's comprehensive and sophisticated regulatory scheme ***completely preempts*** the application of state law and state jurisdiction (except to the limited extent agreed to by the tribe in a tribal-state compact, which is not at issue here). *See, e.g.*, *Osceola Blackwood Ivory*, *supra*, 272 F. Supp. 3d at 1212 (complete preemption applies "if state law claims ***interfere with processes mandated and regulated by the IGRA***—i.e., tribal governance of gaming on Native lands")

(emphasis added); *County of Madera v. Picayune Rancheria of Chukchansi Indians*, 467 F. Supp. 2d 993, 1002 (E.D. Cal. 2006) (IGRA completely preempts a claim that "interferes with Tribe's governance of gaming activities").[1]

18. Here, the Amended Petition alleges that the Intergovernmental Agreement is illegal and was improperly approved by the County of Shasta Board of Supervisors. Based on these allegations, CLSC asks the court to "set aside and/or rescind" the Agreement and to permanently enjoin the County of Shasta from taking any acts "in furtherance of the Agreement." Such claims and requested relief directly interfere with a process mandated by IGRA and the Tribe's ability to operate gaming activities under IGRA.

19. Redding Rancheria was expressly required—by IGRA—to enter into the Tribal-State Compact with the State of California. *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024, 1029 (9th Cir. 2022) ("Under the Indian Gaming Regulatory Act … Indian tribes **must** enter a compact with the state in order to conduct high stakes Las Vegas style casino gambling, known as Class III gaming.") (emphasis added).

20. That Compact states that the Tribe must enter into an agreement with the County of Shasta to mitigate the impacts to law enforcement and emergency services—*i.e.*, to enter into the Intergovernmental Agreement. (*See*, Exh. 3, §11.1.)

21. The Tribe is required to abide by all terms in the Compact. Notably, IGRA specifically mandates the Tribe to operate its gaming activities "in conformance with" the Compact. *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150 (9th Cir. 2019) (citing 25 U.S.C. §2710(d)(1)); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 47 (1996) ("[IGRA] provides that an Indian tribe

---

[1] Notably, California courts—*i.e.*, where this action was initially filed—have similarly concluded that they do not have jurisdiction to hear claims that implicate tribal gaming activities. *See, e.g.*, *Great Western Casinos, Inc. v. Morongo Band of Mission Indians*, 74 Cal. App. 4th 1407, 1426 (1999) ("federal courts have exclusive jurisdiction to review issues involving gaming activities"); *Hotel Employees & Rest. Employees Int'l Union v. Davis*, 21 Cal. 4th 585, 618 (1999) ("In the structure and scope of IGRA, which comprehensively addresses all forms of gam ling on Indian lands, Congress made clear its intent that IGRA preempt the field of regulation of Indian gambling.").

may conduct certain gaming activities only in conformance with a valid compact between the tribe and the State….").

22. Moreover, the Tribe's obligation to enter into the Intergovernmental Agreement necessarily relates to the operation of gaming activities. This is because IGRA "strictly limits" the topics that may be included in a tribal-state compact "to those **directly related to the operation of gaming activities**." *Chicken Ranch Rancheria*, 42 F.4th at 1029 (emphasis added); *see also, In re Indian Gaming Related Cases*, 331 F.3d 1094, 1111 (9th Cir. 2003) (IGRA requires topics in tribal-state compacts to "bear a direct relationship to the operation of gaming activities"); *Navajo Nation v. Dalley*, 896 F.3d 1196, 1205 (10th Cir. 2018) (the terms of a tribal-state compact "cannot exceed what is authorized by the IGRA").

23. Accordingly, by asking the court to set aside the Intergovernmental Agreement, CLSC is, in effect, seeking to prevent the Tribe from complying with its obligations under IGRA to operate its gaming activities in conformance with the Compact. Thus, CLSC's claims are preempted by IGRA, as they directly interfere with a process mandated by IGRA and with the Tribe's ability to operate gaming activities in accordance with IGRA. *See, Osceola Blackwood Ivory*, *supra*, 272 F. Supp. 3d at 1212 (complete preemption applies "if state law claims interfere with processes mandated and regulated by the IGRA"); *County of Madera*, 467 F. Supp. 2d at 1002 (IGRA completely preempts a claim that "interferes with Tribe's governance of gaming activities").

24. Because CLSC's claims are preempted by IGRA, the Amended Petition is properly removed to federal court. *See, Caterpillar*, *supra*, 482 U.S. at 393 (complete preemption doctrine converts an ordinary state common law claim into one stating a federal claim); *Gaming Corp.*, 88 F.3d at 547 ("IGRA has the requisite extraordinary preemptive force necessary to satisfy the complete preemption exception to the well-pleaded complaint rule").

/ / /

**IV.     Satisfaction of Requirements of 28 U.S.C. §1446**

25.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is being filed in the District Court of the United States in which the State Action is pending.  The Superior Court of California for the County of Shasta is located within the Eastern District of California.  Accordingly, venue is proper.

26.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by Exhibit 1, which is a copy of all documents that have been filed and served in the State Action.  (Roberts Decl., ¶3.)

27.    In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on counsel for CLSC and will be filed with the Clerk of the Superior Court for the County of Shasta.  (Roberts Decl., ¶8.)

WHEREFORE, pursuant to 28 U.S.C. §1331(a) and 1441(a), Defendant removes this case from the Superior Court of the State of California in and for the County of Shasta to the United States District Court for the Eastern District of California.

DATED:  March 29, 2024                GREENE & ROBERTS


By:    /s/ Maria C. Roberts
        Maria C. Roberts
        Stephen J. Greene, Jr.
        Nicolas J. Echevestre
        Attorneys for Defendant County of Shasta
        and its Board of Supervisors